IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PAULA A. MENDOZA, | ) | Civil No. 10-6035-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Richard F. McGinty
McGINTY & BELCHER, PC
P. O. Box 12806
Salem, OR  97309

  Attorney for Plaintiff

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

Lisa Goldoftas
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900
Seattle, WA  98104

  Attorneys for Defendant

JONES, Judge:

Claimant Paula Mendoza challenges the decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") disability benefits. This court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below, I remand to the Commissioner to further develop the record and resolve an ambiguity in the Functional Assessment/Medical Source Statement section of Dr. Brewster's report and, if necessary, modify the residual functional capacity determination and undertake further proceedings.

STATEMENT OF FACTS

Because the parties are familiar with the evidence of record, I will discuss only those facts necessary to explain my decision below.

PROCEDURAL HISTORY

On May 16, 2008, claimant filed an application for SSI disability benefits, alleging disability beginning December 15, 2007. (Tr. 11.) Her claim was denied both initially and upon reconsideration, and claimant timely requested a hearing. Id. On November 16, 2009, the Administrative Law Judge ("ALJ") issued a decision holding that claimant was not disabled and therefore not entitled to disability benefits. (Tr. 11-18.) The ALJ also declined to reopen claimant's prior unfavorable ALJ determination. (Tr. 11.) Claimant timely requested a review of the ALJ's decision. (Tr. 13). Claimant appeared at the hearing with representative Richard F. McGinty, an attorney. (Tr. 23). Hearing testimony included the Claimant and Frances Somers, a vocational expert. (Tr. 30-52, 53-58). On January 27, 2010, the Appeals Council denied this request and the ALJ's decision became the Commissioner's final decision. (Tr. 13)

ALJ'S FINDINGS

The ALJ made his decision pursuant to the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that claimant had not engaged in substantial gainful activity since May 16, 2008, the date she applied for SSI. (Tr. 13.) At step two, the ALJ found that claimant had the following severe impairments: diabetes mellitus, obesity, hypertension, left shoulder pain, depression, and posttraumatic stress disorder. (Tr. 13.) At step three, the ALJ found that the claimant did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. (Tr. 13-14.) The ALJ also determined that claimant's statements concerning the limiting effects of her impairments were "not entirely credible" and that her testimony was "very inconsistent" with what she had reported to her physicians. (Tr. 15-17.)

The ALJ next evaluated claimant's residual functional capacity ("RFC") and found that she "has the residual functional capacity to perform a range of light work; i.e., lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours out of an 8 hour day; sit 6 hours out of an 8 hour day; occasionally climb ladders, ropes, or scaffolds; occasional pushing and/or pulling within the weight restriction; and limited to frequent but not continuous handling. Claimant is capable of at least simple, repetitive tasks." (Tr. 15.)

At step four, the ALJ found that claimant had no past relevant work. At step five, the ALJ found that there were "jobs that exist in significant numbers in the national economy that the claimant can perform" such as "information clerk, office helper, or storage facility rental clerk." (Tr. 17-18, 53-54.) Based on the finding at step five, the ALJ denied claimant benefits.

STANDARD OF REVIEW

This court reviews the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009). "Substantial evidence" means "more than a scintilla, but not necessarily a preponderance"; it is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). The Commissioner's decision must be upheld if the evidence is susceptible to more than one rational interpretation, one of which supports the decision. Tommasetti, 533 F.3d at 1038. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

DISCUSSION

Claimant's brief focuses on three issues: (1) Whether the ALJ improperly excluded the functional limitations of claimant's obesity and carpal tunnel syndrome in determining her RFC; (2) whether the ALJ failed to reconcile a critical ambiguity in the record; and (3) whether the ALJ erred in failing to reopen claimant's prior SSI application.

    1.    Did the ALJ Improperly Exclude the Functional Limitations of Claimant's Obesity and Carpal Tunnel Syndrome in Determining her RFC?

    a. *Obesity*

Claimant contends that the ALJ did not consider the functional limitations of her obesity-related breathing problems in determining her RFC. Claimant testified that exertions such as bending and lifting cause her to become short of breath. (Tr. 40.) As further support for her

alleged obesity-related breathing problems, claimant cites to notes from a counseling session where she "cried so much during her session that writer had to help her stop and breathe." Plaintiff's Brief ("Pl. Br."), p. 7 (citing Tr. 374).

The ALJ expressly noted that he "considered obesity at each step of the sequential evaluation process." (Tr. 13-14.) In determining claimant's RFC, the ALJ was only required to address impairments and functional limitations that are supported by the medical record; the RFC determination need not include claimant's unsubstantiated allegations. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ determined that claimant's statements regarding her functional limitations were "not entirely credible" and that her testimony was "very inconsistent" with what she had reported to her physicians. (Tr. 17.) Claimant did not report shortness of breath during her comprehensive physical exam with Dr. Brewster. (Tr. 278-288.) Claimant also denied any exertional chest pain or shortness of breath. (Tr. 266, 388.) Although the notes in the record do indicate that claimant once cried intensely enough during a counseling session to cause a shortness of breath, neither the physicians nor the ALJ found that this shortness of breath was obesity-related. (Tr. 14, 374.)

Because claimant's testimony regarding her obesity-related impairments and limitations was unsubstantiated and not entirely credible, the ALJ did not err in excluding claimant's testimony from his determination of her residual functional capacity.

    b. *Carpal Tunnel Syndrome - "Whole Hand Numbness"*

Claimant contends that the ALJ did not consider claimant's "whole hand numbness" in determining her residual functional capacity. It is important to note that Dr. Brewster did address claimant's "whole hand numbness" in his comprehensive physical exam report. (Tr. 282.) If

claimant's numbness actually limited her residual functional capacity, Dr. Brewster included this determination in the "Functional Assessment/Medical Source Statement" section of his comprehensive physical exam report. Whether, however, Dr. Brewster's findings actually became part of the medical record is addressed below.

    2.    <u>Did the ALJ Fail to Reconcile a Critical Ambiguity in the Record?</u>

In his comprehensive physical exam report, Dr. Brewster concluded that claimant had frequent limitations and restrictions on moving, reaching, grasping, pulling, and lifting. (Tr. 286-287.) The exact and complete wording of the Functional Assessment/Medical Source Statement language at issue is as follows:

> **Lifting and/or Carrying Frequently/Occasionally**
>
> Twenty pounds maximum, ten pounds frequently limited due to carpal tunnel syndrome.
>
> **Postural**
>
> Frequent restrictions on reaching, grasping and pulling. Frequent restrictions on repetitive motion at the wrist bilaterally.
>
> **Manipulative**
>
> Frequent restrictions on gross movements involving repetition bilaterally. (Tr. 287.)

Claimant contends the Dr. Brewster's statements clearly denote that even when she is lifting or carrying just ten pounds, she is "frequently limited" due to carpal tunnel syndrome. Pl. Br., pp. 5-6, 8-9. Those limitations include frequent restrictions on reaching, grasping and pulling, frequent restrictions on repetitive motion at the wrist bilaterally, and frequent restrictions on gross movements involving repetition bilaterally. <u>Id.</u> However, in completing the Physical Residual Functional Capacity Assessment, agency consultive physician Dr. Lahr interpreted

6 - OPINION AND ORDER

those statements to mean that claimant can carry "ten pounds frequently," but that her carpal tunnel syndrome limits her ability to carry more than twenty pounds. (Tr. 323.) Specifically, should she attempt to move more than twenty pounds, claimant will have frequent restrictions on reaching, grasping and pulling, frequent restrictions on repetitive motion at the wrist bilaterally, and frequent restrictions on gross movements involving repetition bilaterally. Id.

      Defendant characterizes the disparity between these interpretations as nothing more than two reasonable but inconsistent conclusions drawn from a fully developed record and body of evidence. Defendant's Brief, pp. 10-11. Were that the case, I would have no choice but to affirm the Commissioner's final decision. However, the conclusions in Dr. Brewster's physical examination report are so ambiguous as to render the medical record undeveloped and incomplete. If Dr. Brewster intended the word "frequently" to refer back to how often claimant can lift or carry ten pounds, then Dr. Lahr's interpretation of Dr. Brewster's physical examination report is correct, and there is substantial evidence to support the Commissioner's finding. If, however, Dr. Brewster intended the word "frequently" to describe how often claimant is limited when lifting or carrying ten pounds, then Dr. Brewster's medical opinion is inexplicably unaccounted for in the ALJ's determination of claimant's residual functional capacity. Without knowing what Dr. Brewster intended to communicate in his physical examination report, the medical record is not fully developed and there exists insufficient evidence to support any finding whatsoever.

      The ALJ has a duty to inquire about ambiguous evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"). Here, the ALJ conducted no inquiry to resolve the ambiguity in Dr.

7 - OPINION AND ORDER

Brewster's report before issuing a decision. Accordingly, this court remands to the Commissioner to further develop the record and resolve an ambiguity in the Functional Assessment/Medical Source Statement section of Dr. Brewster's report and, if necessary, modify the residual functional capacity determination and undertake further proceedings.

      3.    <u>Did the ALJ Err in Failing to Reopen Claimant's Prior SSI Application?</u>

A prior claim may be reopened within two years of the notice of the initial determination if good cause is found. 20 C.F.R. § 416.1488(b). A nerve conditioning velocity test conducted by Dr. Lahr on April 23, 2008, found that claimant suffered from a greater level of impairment relating to her carpal tunnel syndrome than was present at the time of claimant's prior filings. (Tr. 324.) Claimant argues that this new evidence constitutes "good cause" and that the ALJ erred in failing to reopen her prior claim in light of this new evidence. Pl. Br., p. 11. The ALJ, however, found no good cause for reopening claimant's prior benefits decision. (Tr. 11.)

A decision not to reopen a prior, final benefits decision is discretionary and not a final decision; therefore, it is not subject to judicial review. <u>Califano v. Sanders</u>, 430 U.S. 99, 107-09. <u>Sanders</u> recognized, however, that there is a narrow exception where the "denial of a petition to reopen is challenged on constitutional grounds." 430 U.S. at 109.

Claimant does not challenge the ALJ's decision not to reopen her prior claim on constitutional grounds. This court therefore lacks jurisdiction to review the ALJ's decision not to reopen the prior claim.

## CONCLUSION

For the foregoing reasons, this court remands under sentence four of 42 U.S.C. § 405(g) to the Commissioner to further develop the record and resolve an ambiguity in the Functional

8 - OPINION AND ORDER

Assessment/Medical Source Statement section of Dr. Brewster's report and, if necessary, modify the residual functional capacity determination and undertake further proceedings.

DATED this 4th day of August, 2011.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

9 - OPINION AND ORDER